UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE BOYER, | : | 4:20-CV-02139 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT MARIROSA LAMOS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**
October 6, 2021

## I. Introduction.

The plaintiff, Bruce Boyer ("Boyer"), filed a complaint based on his state criminal prosecution and subsequent imprisonment. After screening the complaint, we conclude that the complaint fails to state a claim upon which relief can be granted. We will, however, grant Boyer leave to file an amended complaint.

## II. Background.

Boyer commenced this action *pro se* on November 18, 2020, by filing a complaint. *Doc. 1*. Additionally, Boyer filed a memorandum of law in support of

his complaint.[1] *Doc. 2.* Boyer filed an application to proceed *in forma pauperis*, which we granted. *Doc. 6.*

In his complaint, Boyer alleges that he was held against his will, kidnapped, and unlawfully confined based on a case that never went to trial. *Doc. 1* at 2. Boyer claims he served a ten-year sentence from November 18, 2008, to November 18, 2018. *Id.* at 2-3. According to Boyer, Defendants Lamos and Glunt knew Boyer was incarcerated on a case that never went to trial and refused to grant him his freedom. *Id.* at 3. Boyer also alleges that the Lancaster DA's office sent him "up state on this same charge." *Id.* Boyer claims he received no counsel for ten years and alleges perjury and prosecutorial misconduct on the part of the Commonwealth. *Id.*

Boyer further alleges that he was wrongly sent to prison on a charge that was never adjudicated. *Id.* at 9. To support this claim, Boyer attaches an SCI Rockview Grievance report that highlights an erroneous deduction from his inmate account regarding a charge (CP-36-CR-0001721-2009) that was *nolle prosequi* on April 13, 2010. *Id.* at 5. Boyer asserts that he was sent to prison based on this *nolle prosequi* charge instead of the adjudicated charge (CP-36-CR-0003278-2007). *Id.* at 9. Boyer claims this was done as a cover up by the "County of Lancaster" to

---

[1] At this stage of the screening process, we will only consider what Boyer alleges in his filed complaint (*Doc. 1.*).

2

conceal the perjury and prosecutorial misconduct on the part of the Commonwealth. *Id*.

The caption of the complaint lists Marirosa Lamos, Mark Glunt, Warden of SCI Rockview, Lancaster Co PA DA Office, and Craig Stedman as defendants. *Id* at 1.  The body of the complaint refers to Marirosa Lamos and Mark Glunt as the Superintendents of SCI Rockview; however, Boyer does not indicate which Warden of SCI Rockview he intends to sue. *Id*. at 2.  The body of the complaint mentions Craig Stedman as the Lancaster County District Attorney; however, it is unclear if Boyer intended just to name Craig Stedman or the entire Lancaster County District Attorney's Office. *Id*.

As relief, Boyer requests compensation of thirty million dollars for "pain and suffering for the attempt on my life by Rockview St. prison employees, and lost of job, and most important my freedom." *Id*. at 3.

For the reasons discussed below, we conclude that the complaint fails to state a claim upon which relief can be granted.

**III. Screening of *In Forma Pauperis* Complaints—Standard of Review.**

Under 28 U.S.C. § 1915(e)(2), the court shall dismiss a complaint brought *in forma pauperis* if it determines that certain specified conditions are met.  More specifically, the court must dismiss a complaint that "fails to state a claim on which

relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v.*

4

*Twombly*, 550 U.S. 544, 555 (2007).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)).  But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**IV. Discussion.**

    **A. The complaint fails to state a claim upon which relief can be granted.**

Boyer's complaint is not clear. It does not comply with the pleading requirements of Fed. R. Civ. P. 8.[2]

---

[2] The complaint does not use numbered paragraphs as required by Fed. R. Civ. P. 10(b). And although doing so would promote clarity, each claim is not stated in a separate count as required by Fed. R. Civ. P. 10(b).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson*, 551 U.S. at 94). "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id*. Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*.

Liberally construing Boyer's complaint, we nevertheless conclude that the complaint fails to comply with Fed. R. Civ. P. 8, which requires, among other things, that a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), 8(a)(2), 8(d)(1). Boyer's complaint does not contain a short and plain statement of the court's jurisdiction. Moreover, his complaint does not contain a short and plain statement of his claims. Rather than containing simple, concise, and direct allegations, the complaint is littered with extraneous legal conclusions relating to kidnapping, conspiracy, and attempted murder. "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests." *Garrett*, 938

F.3d at 92 (quoting *Erickson*, 551 U.S. at 93).  Here, the complaint does not provide fair notice of what Boyer's claims are.  In fact, it is not entirely clear who all of the defendants are, what claims Boyer is making against which defendants, or what relief he is seeking against which defendants.  Accordingly, the complaint fails to state a claim upon which relief can be granted.

Based on the complaint, it appears as though Boyer is alleging that the Lancaster County District Attorney's office conspired against him by committing prosecutorial misconduct and by failing to provide defense counsel. *Doc. 1*. at 3, 9. Because direct evidence of a conspiracy is rarely available, the existence of a conspiracy may be inferred from the circumstances. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009).  Still, to state a conspiracy claim upon which relief can be granted, a plaintiff must allege "facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 178 (3d Cir. 2010).  "To properly plead such an agreement, 'a bare assertion of conspiracy will not suffice.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Here, Boyer has not alleged facts leading to a reasonable inference of a conspiracy between any named defendants.  Instead, Boyer has merely attached a copy of his Lancaster County Court of Common Pleas Court Summary sheet with a

hand-written note that states, "Quinn never was my counsel." *Doc. 1* at 8. Accordingly, the complaint fails to state a claim upon which relief may be granted.

Before dismissing a complaint under a screening provision, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Here, in light of the liberal-amendment standard, we will grant Boyer an opportunity to correct the deficiencies noted above. Thus, the court will grant Boyer leave to file an amended complaint.

We will briefly discuss some additional issues with respect to Boyer's complaint of which Boyer should be aware should he elect to file an amended complaint.

### B.  Federal Rule of Civil Procedure 20.

Federal Rule of Civil Procedure 20 governs permissive joinder of parties. "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966)). Still, the liberal policy of joinder under Rule 20 does not mean that unrelated claims and defendants can be joined in one action. Rather, the requirements of Rule 20(a)(2) regarding joinder of defendants must be satisfied,

and that Rule provides that persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). If Boyer elects to file an amended complaint, he must comply with Rule 20.

### C.  42 U.S.C. § 1983 Claims.

To the extent Boyer claims that the defendants violated his constitutional rights, his claims are brought under 42 U.S.C. § 1983. To aid Boyer should he file an amended complaint, we will briefly set forth some general standards applicable to § 1983 claims.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). "It is well settled that § 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" *Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 104 (3d Cir. 2014)). To state a claim under §1983, the plaintiff must allege a deprivation of a federally protected right and that this

deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. Thus, *respondeat superior* cannot form the basis of liability. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018). In other words, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "[A] plaintiff must aver facts to show the defendants' personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Id.* (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

### D. Prosecutorial Immunity.

A functional approach is used to determine the immunity of a prosecutor. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997). "The functions of the prosecutor encompass activities protected by both absolute and qualified immunity." *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992). The inquiry focuses on the nature of the function performed, not the identity of the actor who performed it, and

11

"[u]nder this functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or 'quasi-judicial' capacity." *Odd v. Malone,* 538 F.3d 202, 208 (3d Cir. 2008).  "That functional test separates advocacy from everything else, entitling a prosecutor to absolute immunity only for work 'intimately associated with the judicial phase of the criminal process.'" *Fogle*, 957 F.3d at 159–60 (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)).  Thus, for example, a prosecutor is entitled to absolute immunity from a claim based on a prosecutor "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  A prosecutor is also entitled to absolute immunity for the preparation and filing of charging documents and arrest warrants. *Kalina,* 522 U.S. at 129.  Absolute immunity does not, however, apply "'to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings.'" *Weimer v. Cty. of Fayette*, 972 F.3d 177, 187 (3d Cir. 2020) (quoting *Odd*, 538 F.3d at 208).

Thus, prosecutorial immunity bars any claims for damages against the prosecutors involved in Boyer's criminal case provided that the prosecutors were acting in a judicial or quasi-judicial capacity.

**V. Order.**

Based on the foregoing, **IT IS ORDERED** that Boyer is **GRANTED** leave to file an amended complaint within 28 days of the date of this Order.[3]

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[3] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a). Boyer "is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*. "Also in general, an amended pleading—like [any] amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017). In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*. Any amended complaint must also comply with Fed. R. Civ. P. 20.